**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1364**

WANZA COLE,

        Plaintiff - Appellant,

    v.

WAKE COUNTY BOARD OF EDUCATION,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:16-cv-00765-D)

Submitted: January 26, 2021                Decided: February 4, 2021

Before MOTZ, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Hairston, Jr., HAIRSTON LANE BRANNON, PA, Raleigh, North Carolina, for Appellant. Colin A. Shive, THARRINGTON SMITH LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wanza Cole appeals the district court's order granting summary judgment to her former employer, the Wake County Board of Education ("WCBE"), on her discrimination and retaliation claims raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Finding no reversible error, we affirm the district court's order.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Cole proceeded under the familiar *McDonnell Douglas*[1] pretext framework. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc),

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

2

*abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). To establish her prima facie case of discrimination, Cole was required to show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015). If she did so, WCBE was required to proffer a legitimate, nondiscriminatory reason for its employment decision. *Hill*, 354 F.3d at 285. Cole then had the burden to show that WCBE's legitimate reason was, in fact, a pretext for intentional discrimination. *Id.*

Here, the district court determined that Cole failed to establish an adverse employment action. We agree. "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (brackets and internal quotation marks omitted). "A reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (internal quotation marks omitted). Examples of an adverse employment action include a "decrease in compensation, job title, level of responsibility, or opportunity for promotion." *Id.* (internal quotation marks omitted). "The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action." *Id.*

All of Cole's arguments that she suffered an adverse employment action are based on her personal preference to remain a principal. However, WCBE correctly notes that her pay and benefits did not change. While Cole would have supervised fewer employees, the

3

district court rightfully faulted her for failing to report to her new position. Had she done so, we could have determined if her level of responsibility was significantly reduced from her position as a principal based on her personal experience as opposed to her mere speculation to the contrary.[2] Although Cole asserts that she would not have been promoted in the future, the record shows that several principals moved through administration into similar-level positions in advancing their careers. Finally, while Cole cites to a draft demotion letter reassigning her as an assistant principal, the record is unclear on the nature of this letter; it appears that WCBE considered demoting her, but ultimately decided not to. Thus, we conclude that the district court correctly granted summary judgment on Cole's discrimination claim.[3]

As for Cole's retaliation claim, we conclude that she has waived appellate review for two reasons. First, she has not addressed the district court's conclusion that there was no temporal proximity between her charge of discrimination with the Equal Employment Opportunity Commission and the nonrenewal of her contract. *See Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes

---

[2] We also note that Cole did not provide any affidavits or deposition testimony from someone who occupied the position or who worked within the department that also could have addressed these issues.

[3] Based on our conclusion that the district court correctly found that Cole failed to establish an adverse employment action, we need not address the court's alternative holdings that Cole failed to establish she was meeting WCBE's legitimate performance expectations and that its reason for reassigning her was not a pretext for discrimination.

4

a passing shot at the issue." (brackets and internal quotation marks omitted)). Second, Cole now seeks to raise a new retaliation claim on appeal—her claim in the district court was based on the nonrenewal of her contract, not her reassignment. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("When a party in a civil case fails to raise an argument in the lower court and instead raises it for the first time before us, we may reverse only if the newly raised argument establishes fundamental error or a denial of fundamental justice." (internal quotation marks omitted)).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*